IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Custody of: | ) | No. 36121-7-III |
| | ) | |
| G.A.-K.K. | ) | |
| | ) | |
| Child, | ) | |
| | ) | |
| J.C.P., | ) | |
| | ) | PUBLISHED OPINION |
| Appellant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| K.K., | ) | |
| M.K. JR., | ) | |
| | ) | |
| Respondents. | ) | |

PENNELL, J. — J.C.P. appeals the CR 12(b)(6) dismissal of her petitions to

terminate the parental rights of G.A.-K.K.'s birth parents and to adopt G.A-.K.K. under

Washington's adoption statute, chapter 26.33 RCW. Because J.C.P. does not demonstrate

that at least one of G.A.-K.K.'s parents agrees to relinquish their parental rights, J.C.P. lacks standing to file for termination as a prospective adoptive parent. We therefore affirm.

## FACTS

G.A.-K.K. was born in 2014 and lived with her parents, K.K. and M.K., for approximately the first 16 months of her life. In 2016, Child Protective Services opened an investigation into K.K. and M.K. The parents agreed to place their child with a paternal aunt, J.C.P. The Yakima County Superior Court entered an order placing G.A.-K.K. in J.C.P.'s custody in May 2016.

In 2017, J.C.P. filed simultaneous petitions to terminate K.K. and M.K.'s parental rights and to adopt G.A.-K.K. She alleged both parents had demonstrated substantial disregard for their parental responsibilities and were withholding consent to adoption, contrary to the best interest of the child.

The father (M.K.) successfully moved under CR 12(b)(6) to dismiss the termination and adoption petitions because J.C.P. lacked standing under RCW 26.33.100(1). J.C.P. appeals.

## ANALYSIS

We review a CR 12(b)(6) dismissal de novo. *Cutler v. Phillips Petroleum Co.*,

No. 36121-7-III

*In re Custody of G.A.-K.K.*

124 Wn.2d 749, 755, 881 P.2d 216 (1994). Dismissal is appropriate "under CR 12(b)(6) only if it appears beyond a reasonable doubt that no facts exist that would justify recovery. . . . [Such] motions should be granted . . . 'only in the unusual case in which plaintiff includes allegations that show on the . . . [complaint's face] there is some insuperable bar to relief.'" *Id.* (quoting *Hoffer v. State*, 110 Wn.2d 415, 420, 755 P.2d 781 (1988), *adhered to on recons.*, 113 Wn.2d 148, 776 P.2d 963 (1989)).

Under Washington law, termination of parental rights is a prerequisite to adoption.[1] Whether an individual has standing to petition for termination is determined solely by statute. *In re Adoption of B.T.*, 150 Wn.2d 409, 416-17, 78 P.3d 634 (2003). Under RCW 26.33.100(1)(b),[2] a petition for termination can be filed by a prospective

---

[1] J.C.P. raises a due process challenge to the trial court's ruling. However, any due process rights J.C.P. may have regarding her relationship to G.A.-K.K. are not implicated in this matter since it does not involve state action. *See, e.g.*, *In re Adoption of Hernandez*, 25 Wn. App. 447, 452-53, 607 P.2d 879 (1980).

[2] Different rules apply, depending on who is petitioning for termination. RCW 26.33.100(1) provides:

> A petition for termination of the parent-child relationship of a parent or alleged father who has not executed a written consent to adoption may be filed by:
>> (a) The department or an agency;
>> (b) The prospective adoptive parent to whom a child has been or may be relinquished if the prospective adoptive parent has filed or consented to a petition for relinquishment; or
>> (c) The prospective adoptive parent if he or she seeks to adopt the child of his or her spouse.

3

adoptive parent (who is not married to one of the child's parents) only when the "child

has been or may be relinquished if the prospective adoptive parent has filed or consented

to a petition for relinquishment."

The wording of RCW 26.33.100(1)(b) is a run-on sentence that lacks punctuation

to designate independent clauses. Nevertheless, its meaning is apparent when analyzed in

the context of related statutes. "Relinquishment" refers to a legal process under

RCW 26.33.080 and .090, whereby a parent's rights to a child are transferred to the

department (of children, youth, and families), an agency, or prospective adoptive parent.

Contrasted with other pathways to termination of parental rights, relinquishment is a

"voluntary" process. Former RCW 26.33.020(11) (1993). Consent from the relinquishing

parent and the prospective adoptive parent, the department or an agency is required. RCW

26.33.080(1),[3] (2).[4] This bilateral consent is critical in that it furthers legislative intent by

protecting children from being deprived of emotional and financial parental support.

RCW 26.33.010; *In re Marriage of Furrow*, 115 Wn. App. 661, 672, 63 P.3d 821 (2003).

---

[3] A petition for relinquishment to the department or an agency must be accompanied by the "written consent of the department or the agency to assume custody" and the "parent's or alleged father's written consent to adoption." RCW 26.33.080(1).

[4] A petition for relinquishment to a prospective adoptive parent must be accompanied by the "written consent of the prospective adoptive parent" and the "parent's or alleged father's written consent to adoption." RCW 26.33.080(2).

4

Given the foregoing context, RCW 26.33.100(1)(b) contemplates that a prospective adoptive parent can file a petition for termination of parental rights in two circumstances: First, when the court has ordered the child relinquished to the prospective adoptive parent from one legal parent pursuant to RCW 26.33.090(4);[5] Second when the court has not yet approved a relinquishment petition, but the likelihood of relinquishment is evidenced by a filed relinquishment petition or by the prospective adoptive parent's written consent to receiving the relinquished child under RCW 26.33.080.[6]

The termination petition here fails to allege either that G.A.-K.K. has been ordered relinquished to J.C.P. from one of her parents or that relinquishment is likely based on either consent to relinquishment or a petition for relinquishment. In fact, J.C.P.'s termination petition makes clear that relinquishment has not been ordered and is unlikely to occur given that both of G.A.-K.K.'s legal parents are opposed to adoption. RCW 26.33.080(2). The petition therefore fails to state adequate grounds for relief, as J.C.P. did not plead sufficient facts to establish her standing under RCW 26.33.100(1)(b).

---

[5] I.e., the "child has been . . . relinquished." RCW 26.33.100(1)(b).

[6] I.e., the "child . . . may be relinquished if the prospective adoptive parent has filed or consented to a petition for relinquishment." RCW 26.33.100(1)(b).

No. 36121-7-III
*In re Custody of G.A.-K.K.*

## CONCLUSION

The trial court correctly concluded J.C.P. lacked standing to petition for termination of K.K. and M.K.'s parental rights. The order of dismissal is affirmed. J.C.P.'s request for attorney fees is denied.

_____
Pennell, J.

WE CONCUR:

_____        _____
Lawrence-Berrey, C.J.                               Fearing, J.

6